UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DONALD BOONE,
    Plaintiff,

v.

D. PAPOOSHA, et al.,
    Defendants.

No. 3:21-cv-697 (SRU)

# ORDER

Plaintiff Donald Boone is a recently-sentenced state prisoner confined at Corrigan-Radgowski Correctional Center ("Corrigan").[1] On May 20, 2021, Boone filed this *pro se* action pursuant to 42 U.S.C. § 1983. *See* Compl., Doc. No. 1. Boone alleges that six employees of the Connecticut Department of Correction ("DOC")—some of whom worked at New Haven Correctional Center, others of whom worked at Corrigan, and still others of whom did not work in any particular facility—violated his constitutional rights by causing him to be housed in the Security Risk Group ("SRG") while Boone was a pre-trial detainee. *See id.*

At least in part, Boone appears to assert violations of his Fourteenth Amendment substantive and procedural due process rights. Those claims appear based on Boone's being placed into SRG affiliation and the SRG Program. In seeking "declaratory" relief, Boone states explicitly that he "want[s] back all of my Risk Reduction Earned Credit (RREC) to bring my E.O.S. date closer." *Id.* at 5. In general, Boone also appears to challenge the conditions of his confinement. *See id.* ("I want the courts to declare that the defendants release me from solitary

---

[1] I may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). On April 19, 2021, Boone was sentenced to eighteen months of incarceration for criminal violation of a protective order. *See Inmate Information*, CONN. ST. DEP'T OF CORR., http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=419173 (last visited July 8, 2021).

confinement."); *id.* at 5–6 ("I want the courts to order the defendants to . . . give us programs in every phase of SRG to rehabilitate us.").

Because Boone seeks, in part, restoration of his lost RREC to shorten the length of his sentence, Boone challenges the duration of his confinement. Where a state prisoner challenges the duration of his confinement and seeks a determination that he is entitled to immediate or speedier release, the "sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding that a section 1983 action seeking relief based on an allegedly unconstitutional conviction or imprisonment is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless that "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . , or called into question by a federal court's issuance of a writ of habeas corpus").

Since *Heck*, the Supreme Court has made clear that *Heck*'s favorable termination rule applies to section 1983 challenges to procedures used in disciplinary proceedings that deprived a prisoner of RREC. *See Peralta v. Vasquez*, 467 F.3d 98, 103 (2d Cir. 2006) (citing *Edwards v. Balisok*, 520 U.S. 641, 643–44 (1997)). Sometimes, a particular prison disciplinary proceeding may result in "mixed sanctions," that is, sanctions affecting both an inmate's conditions of confinement *and also* a loss of RREC. "[A] prisoner subject to such mixed sanctions can proceed separately, under § 1983, with a challenge to the sanctions affecting his conditions of confinement without satisfying the favorable termination rule, *but [] he can only do so if he is willing to forgo once and for all any challenge to any sanctions that affect the duration of his confinement.*" *Id.* at 104.

Boone's complaint references two hearings—one in November 2019 and another in July

2

2020. *See* Compl., Doc. No. 1, at 2–3. It is not entirely clear from the complaint what sanctions Boone received as a result of those hearings. However, it appears likely that Boone received mixed sanctions—both the loss of RREC and some other (unclear) sanctions that he challenges—as a result of a guilty finding at one (or both) of those hearings, which apparently regarded his SRG affiliation and SRG Program placement. If that is correct, Boone would not be able to proceed with his due process claims challenging his SRG affiliation and placement unless he abandons any challenge to the loss of RREC as a result of the alleged Fourteenth Amendment due process violations. Thus, Boone must answer the following two questions by **July 29, 2021**:

(1) What sanctions were imposed on Boone as a result of both of the hearings that Boone references in his complaint?

(2) If the sanctions are "mixed" sanctions, does Boone waive for all time all claims in this action relating to disciplinary sanctions affecting the duration of his confinement (*i.e.*, the forfeiture of RREC).

The answers to those questions will help me ascertain whether Boone agrees to abandon his challenge to the loss of RREC arising from the Fourteenth Amendment due process violations regarding his SRG affiliation and SRG Program placement as alleged in this case, or whether he seeks restoration of RREC lost as a result of another disciplinary proceeding.[2] If Boone does not reply in a timely manner, I will take that silence to mean that Boone does not wish to abandon his challenge regarding the loss of his RREC.

So ordered.

Dated at Bridgeport, Connecticut, this 8th day of July 2021.

---

[2] To the extent that Boone sustained a loss of RREC in connection with another disciplinary action, his request for restoration of his RREC would be unrelated to his allegations in this case and thus outside the scope of injunctive relief available here. *See Church & Dwight Co. v. SPD Swiss Precision Diagnostics, GmBH*, 843 F.3d 48, 72 (2d Cir. 2016) (noting scope of injunctive relief should be "no broader than necessary to cure the effects of the harm caused by the violation") (cleaned up).

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge