UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------X
                              :
DONALD BOONE                  :    Civil No. 3:21CV00697(SALM)
                              :
v.                            :
                              :
KING, et al.                  :    April 5, 2022
                              :
------------------------------X
```

## ORDER OF DISMISSAL

"If the plaintiff fails to prosecute or to comply with these rules or a court order," his case may be dismissed. Fed. R. Civ. P. 41(b). Plaintiff here has failed to prosecute and has failed to comply with Court orders. Accordingly, as set forth below, this matter is **DISMISSED**.

Self-represented plaintiff Donald Boone ("plaintiff") filed this action on May 20, 2021. See Doc. #1. On May 26, 2021, the Court granted his application to proceed in forma pauperis. See Doc. #7. At that time, the Court advised plaintiff of the need to notify the Court of any change of address. The Court expressly warned: "Failure to do so can result in the dismissal of your case." Doc. #7. Plaintiff filed a Notice on July 27, 2021, indicating that his address had changed from Osborn C.I. to Corrigan C.C., evidencing his understanding of this requirement. See Doc. #10.

This case was transferred to the undersigned on October 15,

1

2021. See Doc. #11.

On January 18, 2022, the Court issued an Initial Review Order ("IRO"). See Doc. #12. The Court permitted the following claims to proceed to service of process: "(a) The Fourteenth Amendment procedural due process claim for damages against defendants King, Lewis, and Payne, in their individual capacities; and (b) the Fourteenth Amendment substantive due process claim for damages against defendant Martin, in his individual capacity[.]" Id. at 18. All other claims were dismissed. See id. at 19. Plaintiff was ordered to either (1) file an Amended Complaint addressing the dismissed claims, on or before February 14, 2022, or (2) file a Notice indicating that he preferred to proceed with the claims that had been permitted to proceed. See id. at 19-20.

When the Court issued the IRO, it noted: "It appears that Mr. Boone is no longer incarcerated in a Connecticut Department of Correction facility." Id. at 1 n.1. The Court observed:

> The Court notes that as of this writing, the only address it has for Boone is at Corrigan, though the DOC website indicates that he is no longer in custody. This Order will be mailed to plaintiff at his address of record. However, if plaintiff does not receive the Order due to his failure to update his address, his compliance with the Order will not be excused. If plaintiff fails to comply with this Order, the Court will issue an Order to Show Cause why the matter should not be dismissed for plaintiff's failure to update his address and to prosecute this case.

Id. at 20-21. A copy of the IRO was sent to plaintiff, as

indicated, at his only address of record on January 18, 2022. The Court received no response from plaintiff to the IRO.

On March 4, 2022, in light of plaintiff's failure to respond, the Court issued an Order to Show Cause, requiring plaintiff to show cause "**why this case should not be dismissed for failure to prosecute and for failure to notify the Court of his change in address.**" Doc. #13 at 3. The Court set a deadline of March 25, 2022, for plaintiff to respond. See id.

Plaintiff has not responded to the Court's Order to Show Cause. The Court has not received any communication from plaintiff since July 27, 2021. Plaintiff has not filed a Notice of Change of Address since the July 2021 Notice, nor has he filed any response to the IRO. He has had no contact with the Court at all in more than eight months.

The Court may take judicial notice of matters of public record. See, e.g., United States v. Rivera, 466 F. Supp. 3d 310, 313 (D. Conn. 2020) (taking judicial notice of BOP inmate location information); Ligon v. Doherty, 208 F. Supp. 2d 384, 386 (E.D.N.Y. 2002) (taking judicial notice of state prison website inmate location information). The Court takes judicial notice of the Connecticut DOC website. A search for plaintiff's name and inmate number (419173) on the "Offender Information Search" service on that website returns a message stating: "No

Record Meets Your Criteria."[1]

The Court has no way to contact plaintiff. Plaintiff has failed to respond to multiple court orders, and it appears that he has elected to abandon this litigation.

> [A] district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citation and quotation marks omitted). The Court has considered all of these factors, and finds that dismissal is appropriate.

(1) Plaintiff has not filed anything regarding this action for over eight months.

(2) Plaintiff was expressly advised in the Order to Show Cause that failure to file a timely response would result in dismissal of the case. See Doc. #13 at 3-4.

(3) Defendants are prejudiced by the inability to obtain resolution of this matter, due to plaintiff's non-

---

[1] See http://www.ctinmateinfo.state.ct.us/resultsupv.asp (last visited Apr. 5, 2022).

responsiveness.

(4) The Court has carefully considered and weighed plaintiff's right to be heard. He elects not to exercise that right by declining to participate in this action.

(5) Lesser sanctions would be meaningless, where the sanctioned conduct is complete failure by plaintiff to respond.

Accordingly, the Court finds that plaintiff has failed to prosecute this case and has failed to comply with Court Orders. After careful consideration of the relevant factors, the Court finds dismissal is appropriate. Accordingly, this matter is hereby **DISMISSED, pursuant to Fed. R. Civ. P. 41(b)**. The Clerk shall close this case.

If plaintiff wishes to pursue this action, he may file a motion to reopen, setting forth good cause for his failures to prosecute and to comply with Court orders, and a basis for reopening the case.

It is so ordered at New Haven, Connecticut, this 5th day of April, 2022.

                                                                    /s/
                                          HON. SARAH A. L. MERRIAM
                                          UNITED STATES DISTRICT JUDGE